**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| TOTAL GAS & POWER NORTH AMERICA, INC., *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION, *et al.*,<br><br>                    Defendants. | Case No. 7:16-CV-00028 (RAJ) |

**DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT
<u>FOR LACK OF SUBJECT MATTER JURISDICTION AND VENUE</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

INTRODUCTION ...................................................................................................... 1

BACKGROUND ......................................................................................................... 2

I.  Statutory And Regulatory Background ........................................................ 2

    A.  The Federal Energy Regulatory Commission ........................................ 2

    B.  FERC Investigations And Administrative Proceedings Under The Natural
        Gas Act .................................................................................................... 3

II.  Factual Background ....................................................................................... 5

STANDARD OF REVIEW ........................................................................................ 6

ARGUMENT .............................................................................................................. 7

I.  This Court Lacks Subject Matter Jurisdiction Because A Challenge To A
    FERC Proceeding May Be Brought Only In The Court Of Appeals, And
    Because This Case Is Not Ripe. ...................................................................... 7

    A.  The Courts Of Appeals Possess Exclusive Jurisdiction Over Challenges
        To FERC Proceedings And Orders .......................................................... 7

    B.  This Case Is Not Ripe. ............................................................................ 11

II.  Venue Is Not Proper In The Western District Of Texas. .......................... 14

III.  In The Alternative, This Court Should Decline To Hear This Declaratory
     Judgment Case. ............................................................................................. 16

CONCLUSION ......................................................................................................... 20

## TABLE OF AUTHORITIES

**Constitutional Provisions**

U.S. Const. art. III, § 2 ........................................................................................ 11

**Statutes**

15 U.S.C. § 3301 ................................................................................................... 2

15 U.S.C. § 717 ..................................................................................................... 2

15 U.S.C. § 717m .................................................................................................. 3

15 U.S.C. § 717r ......................................................................................... 1, 5, 7, 8

15 U.S.C. § 717t-1 .............................................................................................. 3, 8

15 U.S.C. § 717u ................................................................................................. 10

15 U.S.C. § 78aa ................................................................................................. 10

16 U.S.C. § 823 ..................................................................................................... 2

28 U.S.C. § 2201 ................................................................................................. 16

Energy Policy Act of 2005,
    Pub. L. No. 109-58, 119 Stat. 594 ................................................................... 3

**Cases**

*Am. Energy Corp. v. Rockies Exp. Pipeline LLC*,
    622 F.3d 602 (6th Cir. 2010) ........................................................................... 9

*Bebo v. SEC*,
    799 F.3d 765 (7th Cir. 2015) ....................................................................... 8, 10

*Brillhart Excess Ins. Co. of Am.*,
    316 U.S. 491 (1942) ........................................................................................ 17

*City of Tacoma v. Taxpayers of Tacoma*,
    357 U.S. 320 (1958) .......................................................................................... 9

*Consolidated Gas Supply Corp. v. FERC*,
    611 F.2d 951 (4th Cir. 1979) ............................................................................ 9

*EEOC v. Mustang Mobile Homes, Inc.*,
    88 F. Supp. 2d 722 (W.D. Tex. 1999) .............................................................. 6

*Elgin v. Dep't of Treasury*,
    132 S. Ct. 2126 (2012) ...................................................................................... 8

*Encompass Indem. Co. v. O'Brien*,
　No. 14-cv-2364, 2015 WL 772093 (E.D. La. Feb. 23, 2015)................................................ 19

*Energy Transfer Partners, L.P. v. FERC*,
　567 F.3d 134 (5th Cir. 2009) ...................................................................................... 8, 12

*Energy Transfer Partners, L.P. v. FERC*,
　No. 07-61021 (5th Cir. Mar. 17, 2008).......................................................................... 12

*ENTU Auto Servs., Inc. v. PicMyRize.Biz, LLC*,
　No. 15-77, 2015 WL 1638179 (E.D. La. Apr. 13, 2015)................................................ 16

*Ex parte McCardle*,
　74 U.S. (7 Wall.) 506 (1868) ........................................................................................ 2

*FTC v. Standard Oil*,
　449 U.S. 232 (1980)....................................................................................................... 13

*Gonzalez v. Manjarrez*,
　No. 11-cv-29, 2013 WL 152177 (W.D. Tex. Jan. 4, 2013) ...................................... 18, 19

*Gray Cas. & Sur. Co. v. Lebas*,
　No. 12-2709, 2013 WL 74351 (E.D. La. Jan. 7, 2013) ............................................ 16

*Hunter v. FERC*,
　527 F. Supp. 2d 9 (D.D.C. 2007)............................................................................ 13, 14

*Hunter v. FERC*,
　569 F. Supp. 2d 12 (D.D.C. 2008).................................................................. 9, 11, 13

*Imperial Carpet Mills, Inc. v. Consumer Prod. Safety Comm'n*,
　634 F.2d 871 (5th Cir. 1981) (per curiam) ............................................................ 7, 13

*Ind. & Mich. Elec. Co. v. FPC*,
　224 F. Supp. 166 (N.D. Ind. 1963) ............................................................................ 9

*Jarkesy v. SEC*,
　803 F.3d 9 (D.C. Cir. 2015)....................................................................................... 8, 10

*McClintock v. Sch. Bd. E. Feliciana Parish*,
　299 F. App'x 363 (5th Cir. 2008) (per curiam) ...................................................... 16

*McNutt v. Gen. Motors Acceptance Corp.*,
　298 U.S. 178 (1936)....................................................................................................... 6

*Mission Ins. Co. v. Puritan Fashions Corp.*,
　706 F.2d 599 (5th Cir. 1983) ...................................................................................... 18

*Orix Credit Alliance, Inc. v. Wolfe*,
212 F.3d 891 (5th Cir. 2000) ........................................................... 11

*Pan American Petroleum Corporation v. Superior Court of Delaware*,
366 U.S. 656 (1961) ........................................................................ 10

*Panhandle E. Pipe Line Co. v. Utilicorp United Inc.*,
928 F. Supp. 466 (D. Del. 1996) ..................................................... 10

*Pub. Serv. Comm'n of Utah v. Wycoff Co.*,
344 U.S. 237 (1952) .................................................................. 11, 17

*Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*,
270 F. Supp. 2d 1 (D.D.C. 2003) ...................................................... 9

*Real Estate Training Int'l, LLC v. Nick Vertucci Cos., Inc.*,
No. 14-cv-99, 2014 WL 1383897 (W.D. Tex. Apr. 8, 2014) ................. 6

*Seariver Mar. Fin. Holdings, Inc. v. Pena*,
952 F. Supp. 455 (S.D. Tex. 1996) .................................................. 16

*Sherwin-Williams Co. v. Holmes Cty.*,
343 F.3d 383 (5th Cir. 2003) ........................................................... 18

*Skelly Oil Co. v. Phillips Petroleum Co.*,
339 U.S. 667 (1950) ........................................................................ 11

*St. Paul Ins. Co. v. Trejo*,
39 F.3d 585 (5th Cir. 1994) ....................................................... 17, 18

*Steel Co. v. Citizens for Better Env't*,
523 U.S. 83 (1998) ............................................................................ 2

*Sw. Ctr. for Biological Diversity v. FERC*,
967 F. Supp. 1166 (D. Ariz. 1997) ................................................... 11

*Tenn. Gas Pipeline Co. v. 104 Acres of Land*,
749 F. Supp. 427 (D.R.I. 1990) ......................................................... 9

*Tenn. Gas Pipeline Co. v. Mass. Bay Trans. Auth.*,
2 F. Supp. 2d 106 (D. Mass. 1998) .............................................. 9, 10

*Tex. Emp'rs Ins. Ass'n v. Jackson*,
862 F.2d 491 (5th Cir. 1988) ........................................................... 18

*Thunder Basin Coal Co. v. Reich*,
510 U.S. 200 (1994) .......................................................................... 7

*Town of Dedham v. FERC*,
No. 15-cv-12352, 2015 WL 4274884 (D. Mass. July 15, 2015) ............................................. 10

*Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*,
996 F.2d 774 (5th Cir. 1993) ............................................................................................ 18

*United States v. Mitchell*,
445 U.S. 535 (1980)........................................................................................................... 11

*United Transp. Union v. Foster*,
205 F.3d 851 (5th Cir. 2000) ............................................................................................ 12

*USAA Cas. Ins. Co. v. Dydek*,
No. 05-cv-333, 2006 WL 3068890 (W.D. Tex. Sept. 27, 2006) ........................................ 17

*Warth v. Seldin*,
422 U.S. 490 (1975)........................................................................................................... 11

*Watkins Strategy & Res. Grp., LLC v. WLC, LLC*,
433 F. Supp. 2d 778 (S.D. Miss. 2006) ............................................................................. 18

*Williams Natural Gas Co. v. Oklahoma City*,
890 F.2d 255 (10th Cir. 1989) ............................................................................................ 9

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995)........................................................................................................... 17

**Administrative Materials**

18 C.F.R. § 1b.19 ...................................................................................................................... 4

18 C.F.R. § 1b.3 ........................................................................................................................ 3

18 C.F.R. § 385.213 .................................................................................................................. 4

18 C.F.R. § 385.708 .................................................................................................................. 5

18 C.F.R. § 385.711 .................................................................................................................. 5

18 C.F.R. § 385.713 .................................................................................................................. 5

Federal Energy Regulatory Commission,
Order to Show Cause and Notice of Proposed Penalty,
155 FERC ¶ 61,105 (Apr. 28, 2016)................................................................................ 5, 6

Federal Energy Regulatory Commission,
Revised Policy Statement on Enforcement,
123 FERC ¶ 61,156 (2008) ............................................................................................. 3, 4

FERC, Office of Administrative Law Judges and Dispute Resolution,
    http://www.ferc.gov/about/offices/oaljdr.asp ......................................................... 15

FERC, Office of Enforcement,
    http://www.ferc.gov/about/offices/oe.asp .............................................................. 15

Order Authorizing Secretary to Issue Staff's Preliminary Notice of Violations,
    129 FERC ¶ 61.247 (2009) ....................................................................................... 3

Statement of Administrative Policy Regarding the Process for Assessing Civil Penalties,
    117 FERC ¶ 61,317 (2006) ....................................................................................... 4

## INTRODUCTION

The Federal Energy Regulatory Commission ("FERC") is an independent agency that regulates, among other things, the transport of interstate natural gas and certain wholesale sales of natural gas.  On November 25, 2015, FERC's Enforcement staff ("Enforcement" or "staff") informed Plaintiffs TOTAL Gas & Power North America, Inc., Aaron Hall, and Therese Tran (collectively, "TOTAL") that staff intended to recommend that the Commission issue an order to show cause alleging that TOTAL has engaged in manipulation of natural gas markets in violation of the Natural Gas Act.  The Commission issued the order to show cause on April 28, 2016.  In the present lawsuit, TOTAL claims that FERC lacks the authority to assess civil penalties against it in an administrative proceeding, and that any such proceeding would violate the Constitution. Instead of presenting its arguments in the administrative process and to a court of appeals thereafter, as required by statute, TOTAL has prematurely run to district court in search of a declaratory judgment.

This court lacks subject matter jurisdiction for two reasons.  First, Section 19(a) of the Natural Gas Act, 15 U.S.C. § 717r, vests exclusive jurisdiction in the courts of appeals to review the Commission's penalty assessment orders.  Second, binding Fifth Circuit precedent holds that in a Natural Gas Act enforcement proceeding, there is no case or controversy ripe for judicial resolution unless and until the Commission determines that a violation occurred and assesses a penalty, which has not happened here.  Far from it:  though the Commission has recently issued an order to show cause, many further events would need to occur before FERC could issue a final, appealable order finding TOTAL liable under the Natural Gas Act.  In particular, (i) TOTAL needs to file an answer; (ii) after reviewing TOTAL's answer, the Commission needs to determine whether to set the case for a hearing (either live or on paper), or instead to proceed by summary disposition; (iii) if the Commission chooses to set the case for a hearing, that hearing

must take place; (iv) if a hearing is held before an administrative law judge, the administrative law judge would need to issue an initial decision adverse to TOTAL; (v) TOTAL would need to file exceptions to the initial decision with the Commission; (vi) the Commission would need to determine that TOTAL had in fact violated the Natural Gas Act; and (vii) the Commission would need to deny TOTAL's request for rehearing.   At that point, and only at that point, the Commission would have issued a final ruling ripe for review in the courts of appeals, which have exclusive jurisdiction over FERC proceedings and orders under the Natural Gas Act.

Even if this Court had jurisdiction, this case should still be dismissed for two additional reasons.   First, the Amended Complaint lacks allegations sufficient to establish venue in this district.   Second, even if the jurisdictional and venue problems did not bar this Court from hearing this case, under Fifth Circuit case law, the Court should decline to exercise its discretion to hear this declaratory judgment action.

Should this case ever reach the merits, Defendants will explain why Plaintiffs' claims are irreconcilable with the Natural Gas Act, the Administrative Procedure Act ("APA"), and the Constitution.   Yet this case cannot reach the merits.   This Court plainly lacks jurisdiction (and venue), and so "the only function remaining to the court is that of announcing the fact and dismissing the cause."   *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

## BACKGROUND

### I.   Statutory And Regulatory Background

#### A.   The Federal Energy Regulatory Commission

FERC administers, among other statutes, the Federal Power Act, 16 U.S.C. §§ 823, *et seq.*; the Natural Gas Act, 15 U.S.C. §§ 717, *et seq.*; and the Natural Gas Policy Act, 15 U.S.C. §§ 3301, *et seq.*   In 2005, Congress enacted the Energy Policy Act of 2005, Pub. L. No. 109-58,

119 Stat. 594, which amended the Natural Gas Act to expressly prohibit market manipulation. The Energy Policy Act also empowered FERC, "after notice and opportunity for public hearing," to assess civil penalties of up to $1 million per day per violation for violations of the Natural Gas Act "or any rule, regulation, restriction, condition, or order made or imposed by the Commission under authority of" the Natural Gas Act.  15 U.S.C. § 717t-1(a)-(b).

### B.    FERC Investigations And Administrative Proceedings Under The Natural Gas Act

"The Commission may investigate any facts, conditions, practices, or matters which it may find necessary or proper in order to determine whether any person has violated or is about to violate any provisions of [the Natural Gas Act] or any rule, regulation, or order thereunder . . . ." 15 U.S.C. § 717m(a); *see also* 18 C.F.R. § 1b.3.  If Enforcement reaches the conclusion that a violation of the Natural Gas Act occurred and warrants sanctions, "staff shares with the subject of the investigation its views, including both the relevant facts and legal theories."  *See* Federal Energy Regulatory Commission, Revised Policy Statement on Enforcement, 123 FERC ¶ 61,156, at P 32 (2008) ("Revised Policy Statement on Enforcement").[1]  Enforcement provides the investigative subject with its preliminary findings, which include a detailed description of its factual and legal conclusions.  "At [that] time, the subject has an opportunity to respond and to furnish any additional information it may deem to be helpful."  *Id*.  "If the subject's response to staff's presentation of its case does not persuade staff to close the investigation, staff requests settlement authority from the Commission."  *Id.* at P 34.  In addition, the head of the Office of Enforcement directs the Commission's Secretary to issue a public Notice of Alleged Violations. *See* Order Authorizing Secretary to Issue Staff's Preliminary Notice of Violations, 129 FERC ¶ 61,247 (2009).

---

[1] "P" refers to paragraph numbers in Commission orders.

"If Enforcement staff and the subject of the investigation are unable to reach a settlement, staff may recommend that the Commission initiate enforcement proceedings."  Revised Policy Statement on Enforcement at P 35 (footnote omitted).  Enforcement staff then informs the subject of its right to submit its own statement to the Commission, sending what is called a § 1b.19 notice.  *Id.* at P 35 & n.24; *see* 18 C.F.R. § 1b.19 ("Within 30 days of such notice, the entity may submit to the Investigating Officer a non-public response, which may consist of a statement of fact, argument, and/or memorandum of law, with such supporting documentation as the entity chooses, showing why a proceeding . . . should not be instituted against said entity.").

If the response to the § 1b.19 Notice does not persuade Enforcement staff to terminate the investigation, Enforcement sends the Commission the § 1b.19 Notice, the subject's response, and a staff report recommending that the Commission issue an order to show cause.  Revised Policy Statement on Enforcement at P 35.  The Commission then determines whether to issue such an order.  *Id.* at P 36.  The order provides notice of the proposed penalty and the material facts constituting the alleged violation.  *See* Statement of Administrative Policy Regarding the Process for Assessing Civil Penalties, 117 FERC ¶ 61,317 at P 7 (2006).

After the Commission issues an order to show cause, the respondent is obligated to file an answer.  *See* 18 C.F.R. § 385.213(a)(1).  If the respondent contests the alleged violation and proposed penalty, the Commission will either determine that summary disposition is appropriate and issue an order assessing a penalty, or set the matter for hearing, either on paper or, under Part 385 of the Commission's regulations, before a "presiding officer" who may be one or more members of the Commission or an administrative law judge.  117 FERC ¶ 61,317 at P 7; 18 C.F.R. § 385.102(e)(1); *see generally id.* §§ 385.101, *et seq.* (Part 385).  If the Commission sets the matter for a hearing before a presiding officer, after the hearing, "the presiding officer will

prepare an initial written decision." *Id*. § 385.708(b)(1). "Any initial decision . . . will be certified to the Commission by the presiding officer with a copy of the record in the proceeding." *Id*. § 385.708(b)(3). "Any participant may file with the Commission exceptions to the initial decision in a brief on exceptions not later than 30 days after service of the initial decision." *Id*. § 385.711(a)(1)(i). The Commission will then review the initial decision and any exceptions, and issue its own order regarding the matter. *Id*. §§ 385.712, 385.713(a)(2)(i); 117 FERC ¶ 61,317 at P 7. Following the entry of that order, any party aggrieved by it may seek rehearing before the Commission. *See* 15 U.S.C. § 717r(a); 18 C.F.R. § 385.713. If the Commission denies rehearing, any person aggrieved by the Commission's order "may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia." 15 U.S.C. § 717r(b). "Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part." *Id*.

## II.    Factual Background

FERC Enforcement staff has, for several years, investigated potential market manipulation by TOTAL in the natural gas markets. *See* Am. Compl. ¶¶ 26, 48. On November 25, 2015, Enforcement staff sent TOTAL a § 1b.19 notice indicating that Enforcement intended to recommend that the Commission initiate a show cause proceeding against TOTAL. *Id.* ¶ 58. The Commission issued an order to show cause on April 28, 2016, *see* Federal Energy Regulatory Commission, Order to Show Cause and Notice of Proposed Penalty, 155 FERC ¶ 61,105 (Apr. 28, 2016), *available at* http://elibrary.ferc.gov/idmws/file_list.asp? document_id=14454098, but it has not taken the multiple remaining steps in its administrative enforcement process that must occur before issuance of a final order subject to judicial review.

FERC's order to show cause summarizes the procedures that will apply as the administrative process continues:

> Respondents have the option to pay the proposed assessment or contest the order.  If Respondents choose to contest the order or the proposed assessment, the Commission will issue a further order. If the record is sufficient, the Commission may assess a civil penalty.  If a hearing is needed, the Commission will issue a hearing order and indicate whether the Commission will conduct a paper hearing or a hearing before an ALJ.  If the Commission chooses to conduct a paper hearing, it will issue an order on the paper hearing record.  If the matter is set for hearing before an ALJ, the ALJ will conduct a hearing under Part 385 of the Commission's regulations, and, unless otherwise directed in a hearing order, the ALJ will issue an Initial Decision and determine whether a violation or violations occurred.  If a violation is found, the Initial Decision will recommend any appropriate penalty, taking into account factors described in the Policy Statement on Enforcement.  The Commission will then consider the Initial Decision of the ALJ and any exceptions filed.  If the Commission determines that there is a violation, the Commission will issue an order and may assess any appropriate penalty.  In accordance with NGA section 19(a) and Rule 713 of the Commission's Rules of Practice and Procedure, Respondents may request a rehearing no later than 30 days after the issuance of the order assessing the penalty.  Respondents can appeal a final Commission order to a United States Court of Appeals within the appropriate time for review of a Commission order.  If the Commission finds a violation and assesses a penalty, [and] if such penalty is not paid within 60 days of assessment, the Commission will institute a collection action in an appropriate United States District Court.

*Id.* at P 6 (citations omitted).

## STANDARD OF REVIEW

Defendants move to dismiss this lawsuit for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for lack of venue, pursuant to Rule 12(b)(3). The party invoking the jurisdiction of the federal district court has the burden of demonstrating that the exercise of jurisdiction is proper.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936).  Similarly, "[o]nce a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper."  *Real Estate Training Int'l, LLC v. Nick Vertucci Cos., Inc.*, No. 14-cv-99, 2014 WL 1383897, at *2 (W.D. Tex. Apr. 8, 2014); *accord, e.g.*, *EEOC v. Mustang Mobile Homes, Inc.*, 88 F. Supp. 2d 722, 724 (W.D. Tex. 1999).  "[C]onclusory"

allegations that venue is proper are inadequate.  *Real Estate Training Int'l*, 2014 WL 1383897, at *2.

## ARGUMENT

**I.     This Court Lacks Subject Matter Jurisdiction Because A Challenge To A FERC Proceeding May Be Brought Only In The Court Of Appeals, And Because This Case Is Not Ripe.**

### A.     The Courts Of Appeals Possess Exclusive Jurisdiction Over Challenges To FERC Proceedings And Orders.

Section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b), provides the exclusive mechanism for judicial review of FERC orders under that Act, and channels appeals directly from FERC to the courts of appeals.  If FERC's administrative enforcement process ultimately results in issuance of a final order that aggrieves Plaintiffs, they could then invoke the Section 19(b) appeal process and present every constitutional and statutory argument they have attempted to press prematurely here.  *See, e.g.*, *Imperial Carpet Mills, Inc. v. Consumer Prod. Safety Comm'n*, 634 F.2d 871, 874 (5th Cir. 1981) (per curiam).

When a statute provides for direct appellate review "of final agency actions, [courts] shall find that Congress has allocated initial review to an administrative body where such intent is 'fairly discernible in the statutory scheme.'"  *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994) (citation omitted).  In *Thunder Basin*, the Supreme Court held that a district court lacked authority to enjoin enforcement proceedings of the Mine Safety and Health Administration.  The Court explained that the comprehensive review structure established by the Mine Act, which called for direct review of final action in the court of appeals, implicitly "demonstrate[d] that Congress intended to preclude challenges" — including constitutional challenges — prior to the completion of agency proceedings.  *Id.* at 208, 215.  The Court reasoned that the Mine Act provided a "detailed structure," *id.* at 207, for review of enforcement

actions and that, even if the petitioner's constitutional claim could not be addressed by the agency in the first instance, it could be "meaningfully addressed in the Court of Appeals," *id.* at 215; *accord Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2135-37 (2012).

Like the Mine Act, the Natural Gas Act sets out an administrative process pursuant to which, after the agency institutes proceedings, the respondent may be heard and present evidence challenging the charges; the respondent may file exceptions with the Commission to an adverse initial decision; and if the respondent is aggrieved by the Commission's final order, the respondent then may appeal to a federal court of appeals.  15 U.S.C. §§ 717r, 717t-1.  Given the obvious parallel between the review procedures found to be exclusive under the Mine Act and the procedures available under the Natural Gas Act, it is unsurprising that the Fifth Circuit noted in *Energy Transfer Partners, L.P. v. FERC* ("*ETP*"), that "[n]o party contends that a federal district court has jurisdiction to review FERC's order requiring a hearing in this case, and we are aware of no authority to that effect."  567 F.3d 134, 139 (5th Cir. 2009).[2]

Indeed, every court to consider the question has held that district courts lack jurisdiction to interfere with FERC proceedings or review FERC orders under the Natural Gas Act.  In *Hunter v. FERC*, the federal courts in the District of Columbia rejected efforts by a natural gas trader to block FERC administrative enforcement proceedings under the Natural Gas Act.  569 F. Supp. 2d 12, 15 (D.D.C. 2008).  The district court held that Section 19(b) of the Natural Gas Act gives the courts of appeals exclusive jurisdiction over challenges to FERC administrative

---

[2] Facing constitutional challenges to administrative proceedings similar to Plaintiffs' claims here, multiple courts of appeals have relied upon the similarity of the review scheme under the federal securities laws to that under the Mine Act to conclude that a party may not seek a district court injunction against administrative proceedings brought by the Securities and Exchange Commission.  *See, e.g.*, *Jarkesy v. SEC*, 803 F.3d 9 (D.C. Cir. 2015) (district court lacks jurisdiction to entertain constitutional challenges to SEC enforcement proceedings); *Bebo v. SEC*, 799 F.3d 765 (7th Cir. 2015) (same), *cert. denied*, No. 15-997 (U.S. Mar. 28, 2016).

enforcement orders, and the D.C. Circuit affirmed. *See id.* ("[S]ince the court of appeals has exclusive jurisdiction over challenges to orders issued by FERC under Section 19(b) of the NGA, this Court lacks jurisdiction over Hunter's claim." (footnote omitted)), *aff'd*, 348 F. App'x 592 (D.C. Cir. 2009). Similarly, in *Consolidated Gas Supply Corp. v. FERC*, the Fourth Circuit vacated a district court order granting a preliminary injunction against a Commission show cause order. 611 F.2d 951, 958 (4th Cir. 1979). The Fourth Circuit held that the "uniform construction" of the Natural Gas Act's exclusive jurisdiction provision left "no area of review" available to object to Commission actions in district court, including for "preliminary or procedural orders." *Id.* at 957-58; *see also, e.g.*, *Am. Energy Corp. v. Rockies Exp. Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010) (making "short work" in rejecting a claim brought in district court for injunctive relief); *Williams Natural Gas Co. v. Oklahoma City*, 890 F.2d 255, 262 (10th Cir. 1989) (jurisdiction exclusive in the court of appeals); *Tenn. Gas Pipeline Co. v. Mass. Bay Trans. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998) ("Under the statutory framework, there is no appeal of a FERC decision save to the appropriate Court of Appeals. Disputes as to the propriety of FERC's proceedings, findings, orders, or reasoning, must be brought to FERC by way of request for rehearing. Appeals may thereafter be brought before a U.S. Court of Appeals only." (citations omitted)); *Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 749 F. Supp. 427, 430 (D.R.I. 1990) (similar).[3]

---

[3] Courts have reached the same result under the substantively identical review provisions of the Federal Power Act. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 335-36 (1958) ("Congress . . . prescribed [that] . . . the complete and exclusive mode for judicial review of the Commission's orders" lies with the courts of appeals); *Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*, 270 F. Supp. 2d 1, 5 (D.D.C. 2003) (district court may not "exercise jurisdiction in an area where Congress has vested exclusive jurisdiction in the Court of Appeals"); *Ind. & Mich. Elec. Co. v. FPC*, 224 F. Supp. 166 (N.D. Ind. 1963) (remedy was not to seek a writ of mandamus in district court, but to seek such relief in the courts of appeals).

Section 24 of the Natural Gas Act, 15 U.S.C. § 717u, which Plaintiffs repeatedly invoke, does not change the analysis.  That provision, which refers to "exclusive jurisdiction of violations of [the Natural Gas Act]" in the "District Courts of the United States," *id.*, is "simply an enforcement provision" that "gives district courts jurisdiction to enforce liability" but does nothing to disturb the fact that "any alleged infirmity with" a FERC ruling "involving the merits *or its authority to so rule* needs to be passed upon by [a] court of appeals," not a district court. *Town of Dedham v. FERC*, No. 15-cv-12352, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015) (emphasis added, alterations omitted) (quoting *Panhandle E. Pipe Line Co. v. Utilicorp United Inc.*, 928 F. Supp. 466, 474 (D. Del. 1996)).  Simply put, § 717u is "not an open-ended grant of jurisdiction to the district courts." *Id.* (citing, *inter alia*, *Tenn. Gas Pipeline Co.*, 2 F. Supp. 2d at 109-10).  Rather, as the Supreme Court explained in *Pan American Petroleum Corporation v. Superior Court of Delaware*, "'[e]xclusive jurisdiction' is given the federal courts but it is 'exclusive' only for suits that may be brought in the federal courts.  Exclusiveness is a consequence of having jurisdiction, not the generator of jurisdiction because of which state courts are excluded."  366 U.S. 656, 664 (1961).  Indeed, there is a substantively identical provision in the Securities Exchange Act of 1934, *see* 15 U.S.C. § 78aa(a) ("The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder . . . ."), and yet multiple courts of appeals have concluded that a party may not challenge an ongoing SEC administrative enforcement proceeding in federal district court.  *See, e.g.*, *Jarkesy*, 803 F.3d 9; *Bebo*, 799 F.3d 765; *supra* n.2.

Nor is it relevant that Plaintiffs seek only declaratory relief.  The Declaratory Judgment Act, of course, does not itself provide jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("[t]he operation of the Declaratory Judgment Act is procedural only"

10

and does "not extend [federal courts'] jurisdiction").  And as the Supreme Court has explained, "the declaratory judgment procedure will not be used to preempt and prejudice issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review."  *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 246 (1952).  District courts have accordingly refused to enter declaratory judgments that would interfere with FERC proceedings, just as they refuse to enter injunctions. *See Hunter*, 569 F. Supp. 2d at 15 ("Although [plaintiff] concedes, in essence, that judicial review of a FERC order must be brought in the circuit courts, he attempts to recast his declaratory judgment claim as a challenge to the scope of FERC's jurisdiction as opposed to a challenge to its [order to show cause].  It doesn't work . . . ."); *cf. Sw. Ctr. for Biological Diversity v. FERC*, 967 F. Supp. 1166, 1172 (D. Ariz. 1997) (court lacked subject matter jurisdiction to consider claim against FERC under FPA "no matter how artfully pleaded").[4]

### B.      This Case Is Not Ripe.

Even if this case had been filed in the right court, it would still fail for lack of ripeness. Article III courts exist to resolve concrete "cases" and "controversies," U.S. Const. art. III, § 2, a limitation "founded in concern about the proper — and properly limited — role of the courts in a democratic society."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "[A] declaratory judgment action, like any other action, must be ripe in order to be justiciable."  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).  "Ripeness separates those matters that are premature

---

[4] Because the statutory scheme plainly requires challenges to FERC proceedings to be brought in the court of appeals, Plaintiffs similarly fail to identity a waiver of sovereign immunity permitting this suit to be brought in district court.  The United States has sovereign immunity unless it consents to be sued, and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Without an "unequivocally expressed" consent, a court lacks subject matter jurisdiction.  *Id.*

because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).

The Fifth Circuit has squarely held that even after FERC (i) issues an order to show cause (which FERC has done here) and subsequently (ii) sets a case for administrative hearing (which FERC has not), there is no controversy ripe for judicial review. *See ETP*, 567 F.3d 134.  In *ETP*, after FERC issued an order to show cause under the Natural Gas Act, ETP filed its first petition for review in the Fifth Circuit. *Id.* at 137.  The Fifth Circuit dismissed the petition for lack of jurisdiction because the case was not ripe.  Order, *Energy Transfer Partners, L.P. v. FERC*, No. 07-61021 (5th Cir. Mar. 17, 2008) (per curiam); *see ETP*, 567 F.3d at 137 (summarizing procedural history).

After ETP "filed its answer to the Commission's allegations," FERC "issued an Order Establishing Hearing," *id*. — two steps that have not yet occurred here as to TOTAL.  ETP then filed a second petition for review in the Fifth Circuit, contending "that FERC's construction of the NGA is incorrect and that being compelled to participate in an invalid administrative process is an injury that confers 'standing' for it to pursue the present petition for review." *Id.* at 138. ETP further contended that FERC's procedures violated the Constitution's Due Process clause. *Id.* at 136.

Even though the Commission had at this point both issued an order to show cause *and* set the matter for hearing, the Fifth Circuit again held that there was no controversy ripe for adjudication.  As the Court explained, "FERC's order initiating administrative proceedings is not a definitive ruling or regulation." *Id.* at 141.  It noted that "ETP may . . . prevail on the merits in the administrative action regarding the [Natural Gas Act], thereby mooting its judicial challenge." *Id.*  As the Court held, "the expense and annoyance of litigation is part of the social

burden of living under government," *id.* (quoting *FTC v. Standard Oil*, 449 U.S. 232, 244 (1980)), and is not enough by itself to make a case ripe.  *See, e.g.*, *Standard Oil*, 449 U.S. at 242 (judicial review of orders initiating administrative proceedings "leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary" if the matter is resolved in respondent's favor); *Imperial Carpet Mills,* 634 F.2d at 874 ("[T]he harm asserted would seem to be nothing more than would accrue to any defendant to administrative action:  the burden of defending against the complaint; the expense of complying with the Commission's anticipated final order; the resulting bad publicity; and the potential for a dangerous loss of credit.  In any event, such harm alone will not justify judicial intervention into administrative agency action not otherwise fit for judicial consideration." (citation omitted)).

The Fifth Circuit's holding in *ETP* that FERC's issuance of an order to show cause does not create a controversy ripe for judicial review is consistent with the results reached by courts in other Circuits.  In *Hunter v. FERC*, after FERC issued an order to show cause alleging that the plaintiff had sought to manipulate the natural gas markets, the plaintiff sought a preliminary injunction and a declaratory judgment.  527 F. Supp. 2d 9, 14 (D.D.C. 2007).  The Court denied the preliminary injunction in a first opinion and dismissed the case in a second opinion issued the following year.  *See id.* at 17 ("Hunter will have a full opportunity to respond to FERC's initial findings.  . . . [I]ssuance of this [order to show cause] is not a final agency action that warrants judicial review at this time."); *Hunter*, 569 F. Supp. 2d at 17 ("The administrative proceedings do not have the day-to-day effect or hardship needed for final or ripe agency action.  . . . Permitting the agency to go forward may not only moot Hunter's claim, but will also provide a context within which our Circuit Court can evaluate FERC's interpretation of its enforcement authority."), *aff'd*, 348 F. App'x 592 (D.C. Cir. 2009).

*ETP* and *Hunter* make clear that even after FERC (i) issues an order to show cause and later (ii) sets a case for an administrative hearing, there is no case or controversy ripe for judicial review.  For related reasons, Plaintiffs' statutory claims under the APA fail for lack of final agency action.  5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); *see Hunter*, 527 F. Supp. 2d at 16-17 (holding that FERC's issuance of an order to show cause is not "final agency action" because it "represents the first step of a formal process designed to determine whether" a potential respondent "actually violated any FERC regulations" and "does not have any binding legal effect on [his] ability to operate his business on a day-to-day basis.").

## II.     Venue Is Not Proper In The Western District Of Texas.

Even if it were possible for Plaintiffs to bring this case in district court (which it is not), and even if this case were ripe (which it also is not), Plaintiffs would still be obligated to bring this case in a district court where venue is proper.  They have not done so.

Because it is apparent that none of the parties resides in the Western District of Texas, *see* Def.'s Mot. to Dismiss at 14-15 (April 4, 2016), ECF No. 23,[5] Plaintiffs have amended their complaint to add claims that their alleged liability under the Natural Gas Act concerns "sales of physical natural gas that occurred in substantial part at two locations—the Waha and Permian hubs—both of which are located predominantly in the Western District of Texas."  Am. Compl. ¶ 25.  Specifically, Plaintiffs allege that gas transactions at the Waha and Permian hubs "comprise 66.5% of the natural gas transactions" giving rise to FERC's allegations against

---

[5] Defendants understand Plaintiffs to contend that venue is proper in this district exclusively under the theory that the relevant sales of natural gas occurred in this district.  *See* Am. Compl. ¶ 25.  To the extent Plaintiffs nonetheless intend to continue to argue that any of the parties resides in the Western District of Texas, Defendants hereby incorporate by reference their showings to the contrary in their initial motion to dismiss.

TOTAL, and the Waha and Permian hubs overlap with the Western District of Texas—entirely, in the case of the Waha hub, and just over 50%, in the case of the Permian hub.  Plaintiffs thus suggest that a significant part of the events giving rise to their claim occurred in this district.  *Id.* (citing 15 U.S.C. § 717u; 28 U.S.C. § 1391(e)).

The fundamental problem with this argument is that while TOTAL's natural gas transactions give rise to FERC's administrative claims against TOTAL, they do not give rise to TOTAL's claims against FERC in this case.  As Plaintiffs themselves have said, "[t]he issue in this declaratory judgment action . . . is not whether Plaintiffs violated the [Natural Gas Act], but whether the law requires FERC to litigate the alleged violations in federal district court."  *See* Pl.'s Mot. to Expedite at 3 (Feb. 2, 2016), ECF No. 12.

Each of Plaintiffs' claims in this case involves allegations that Plaintiffs' rights will be violated if an administrative hearing is conducted.  Those claims do not arise in the Western District of Texas.  To the contrary:  FERC is located in Washington, D.C.  The Commission and its Enforcement staff make decisions concerning the scope of FERC investigations in Washington, D.C.  *See* FERC, Office of Enforcement, http://www.ferc.gov/about/offices/oe.asp.  FERC issued the order to show cause from Washington, D.C., and it would issue any subsequent order setting a case for an administrative hearing in Washington, D.C., as well.  The administrative law judges before whom an administrative hearing might take place are located in Washington, D.C.  *See* FERC, Office of Administrative Law Judges and Dispute Resolution, http://www.ferc.gov/about/offices/oaljdr.asp.  In short, it is events and potential future events in Washington, D.C., that give rise to Plaintiffs' claims.  Those events, and the claims that Plaintiffs bring in this case in an effort to stop them, have no connection to the Western District of Texas.  Indeed, if there were any question that the specific natural gas transactions do not give rise to

15

Plaintiffs' claims against FERC, that question is easily answered by the fact that Plaintiffs did not even mention those transactions until Defendants moved to dismiss their first complaint for, among other things, lack of venue.  And in neither Plaintiffs' original complaint nor in their amended complaint do they reference the transactions for any reason other than to attempt to establish venue — their actual claims for relief make no mention of them.

Thus, while TOTAL's natural gas transactions chronologically preceded Plaintiffs' filing this case against FERC, they are not themselves a substantial part of the events giving rise to their claims.  *See, e.g.*, *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008) (per curiam) ("Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial."); *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 460 (S.D. Tex. 1996) ("Events that have only a tangential connection with the dispute at bar are not sufficient to lay venue.").  The requisite legal standard cannot be met here, where Defendants are not alleged to have taken any actions in the Western District of Texas.  *See, e.g.*, *ENTU Auto Servs., Inc. v. PicMyRize.Biz, LLC*, No. 15-77, 2015 WL 1638179, at *4 (E.D. La. Apr. 13, 2015) (noting that "many district courts in the Fifth Circuit have held that the focus of the transactional venue inquiry is on the actions or omissions of the defendant"); *see also, e.g.*, *Gray Cas. & Sur. Co. v. Lebas*, No. 12-2709, 2013 WL 74351, at *2 (E.D. La. Jan. 7, 2013).

**III.    In The Alternative, This Court Should Decline To Hear This Declaratory Judgment Case.**

This case seeks exclusively declaratory relief under the Declaratory Judgment Act.  That statute provides that "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration."   28 U.S.C. § 2201(a) (emphasis

added).  As the Supreme Court has explained, the statute "confers a discretion on the courts rather than an absolute right upon the litigant."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Wycoff*, 344 U.S. at 241).  Based on "considerations of practicality and wise judicial administration," this Court is therefore "authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."  *Id.* at 288; *see also, e.g.*, *Brillhart Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, . . . it was under no compulsion to exercise that jurisdiction." (citation omitted)).

In the Fifth Circuit, district courts must consider the following factors in deciding whether to entertain an action seeking only a declaratory judgment:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy,

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).  Notably, "'[i]n applying these factors, it is not necessary that *all* factors weigh in favor of abstention for the Court to find that abstention is appropriate.  The Court must simply balance the factors, keeping the basic principles of federalism, fairness and efficiency in mind."  *USAA Cas. Ins. Co. v. Dydek*, No. 05-cv-333, 2006 WL 3068890, at *2 (W.D. Tex. Sept. 27, 2006).  Here, each of these factors would point in favor of declining to consider a declaratory judgment action, even if this Court otherwise had jurisdiction (which it does not).

*First*, Plaintiffs seek a declaration that a federal administrative proceeding would be unlawful, but Plaintiffs may fully litigate their claims in that proceeding.  The first *Trejo* factor thus weighs in favor of declining jurisdiction, even though the "parallel proceeding in this case is a federal administrative one, rather than a state judicial one," given "the deference owed to an administrative procedure that Congress has created."  *See Gonzalez v. Manjarrez*, No. 11-cv-29, 2013 WL 152177, at *13 (W.D. Tex. Jan. 4, 2013), *aff'd* 558 F. App'x 350 (5th Cir. 2014); *see also, e.g. Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 394 (5th Cir. 2003) ("The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action . . . ."); *Watkins Strategy & Res. Grp., LLC v. WLC, LLC*, 433 F. Supp. 2d 778, 782 (S.D. Miss. 2006) ("first *Trejo* factor is not based exclusively in concerns for federalism, but also efficiency").

*Second*, Plaintiffs filed suit in anticipation of the initiation of legal proceedings by FERC. "Anticipatory suits are disfavored because they are an aspect of forum-shopping."  *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983).  As the Fifth Circuit has held, "[u]sing a declaratory judgment action to race to res judicata or to change forums" — as Plaintiffs have done here — "is thoroughly inconsistent with the purposes of the Declaratory Judgment Act and should not be countenanced."  *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776  n.7 (5th Cir. 1993); *accord, e.g.*, *Watkins*, 433 F. Supp. 2d at 783 ("gain[ing] a tactical advantage . . . by choosing[] desired forum" is "not a permissive reason to preemptively file a lawsuit").

*Third*, Plaintiffs have engaged in forum shopping in bringing this suit in this court.  *Cf.*, *e.g.*, *Tex. Emp'rs Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 n.18 (5th Cir. 1988) ("[I]t has long been recognized that the wholesome purposes of declaratory acts would be aborted by its use as

an instrument of procedural fencing to choose a forum." (citation and alterations omitted)). Indeed, in this case Plaintiffs are forum shopping in two respects. At the outset, as described in Part I, *supra*, Plaintiffs have sought to circumvent the administrative process by preemptively filing in federal district court, instead of waiting for the conclusion of agency proceedings and seeking review in the court of appeals, as the statutory scheme requires. *Cf. Gonzalez*, 2013 WL 152177, at *14 ("Whether or not this particular Plaintiff actually intended to circumvent the [order to show cause] . . . process by filing this action in bad faith, permitting Plaintiff to proceed toward a declaratory judgment in a district court would indeed encourage 'forum shopping' by other aggrieved [parties] in the future."). And second, as described in Part II, *supra*, Plaintiffs have selected a specific federal court in which venue is plainly lacking.

**Fourth**, there are inequities in allowing plaintiffs to gain precedence in time or to change forums. *See Gonzalez*, 2013 WL 152177, at *14 ("Permitting Plaintiff access to a district court in this case, rather than the forum that Congress has created for this sort of grievance, would indeed create 'inequities' between Plaintiff and Defendant . . . .").

**Fifth**, this federal court is not a convenient forum for litigating this case. None of the parties resides in this district, and Plaintiffs identify no relevant events that occurred or will occur here. *See generally* Part II, *supra*.

**Sixth**, and finally, declining jurisdiction over this case would serve the purposes of judicial economy. "Courts should seek to avoid duplicative litigation." *Encompass Indem. Co. v. O'Brien*, No. 14-cv-2364, 2015 WL 772093, at *4 (E.D. La. Feb. 23, 2015). Here, judicial economy would be served and duplicative litigation would be avoided by requiring Plaintiffs to litigate whatever claims they have in a FERC administrative proceeding, and then as necessary in the court of appeals. *See Gonzalez*, 2013 WL 152177, at *15 ("There is no question that judicial

economy and efficiency would be better served by permitting the [agency] complaint process to run its course without interference from a district court . . . .").

## CONCLUSION

Defendants respectfully request that their motion be granted and the case be dismissed.

Dated: May 2, 2016                                    Respectfully submitted,

LARRY R. PARKINSON                          BENJAMIN C. MIZER
Director                                               Principal Deputy Assistant Attorney General

LEE ANN WATSON                                JENNIFER D. RICKETTS
Deputy Director                                    Director, Federal Programs Branch

DAVID APPLEBAUM                            CARLOTTA P. WELLS
Director, Division of Investigations        Assistant Director, Federal Programs Branch

COURTNEY SPIVEY URSCHEL           /s/ *Steven A. Myers*
Deputy Director, Division of Investigations   STEVEN A. MYERS
                                                          ADAM GROGG
THOMAS P. OLSON                              JEAN LIN
CAROL A. CLAYTON                           JUSTIN M. SANDBERG
Attorneys, Division of Investigations       MATTHEW J. BERNS
                                                          U.S. Department of Justice, Civil Division,
Federal Energy Regulatory Commission,        Federal Programs Branch
Office of Enforcement                          20 Massachusetts Ave. NW
                                                          Washington, DC  20530
*Of Counsel*                                        Phone: (202) 305-8648
                                                          Fax: (202) 616-8460
                                                          Email: steven.a.myers@usdoj.gov

                                                          *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2016, I electronically filed a copy of the foregoing.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.


*/s/ Steven A. Myers*
STEVEN A. MYERS