# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| TOTAL GAS & POWER NORTH AMERICA, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, *et al.*, <br><br> Defendants. | Case No. 4:16-cv-01250 |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION AND SUMMARY OF THE ARGUMENT.................................................1

STATEMENT OF THE NATURE OF THE PROCEEDING AND OF THE ISSUES
PRESENTED.........................................................................................................................4

ARGUMENT.........................................................................................................................6

I.      This Court Lacks Subject Matter Jurisdiction Because A Challenge To
        Plaintiffs' FERC Proceeding May Be Brought Only In The Court Of
        Appeals, And Because This Case Is Not Ripe...................................................6

        A.      The Courts Of Appeals Possess Exclusive Jurisdiction Over Challenges
                To FERC Proceedings And Orders Under The Natural Gas Act.............................6

        B.      This Case Is Not Ripe. .........................................................................................15

II.     In The Alternative, This Court Should Decline To Hear This Declaratory
        Judgment Action. ....................................................................................................18

CONCLUSION ..................................................................................................................23

# TABLE OF AUTHORITIES

**CASES**                                                                            **PAGE(S)**

*Abbott Laboratories v. Gardner*,
    387 U.S. 136 (1967) ............................................................................... 17

*Adams Fruit Co. v. Barrett*,
    494 U.S. 638 (1990) ............................................................................... 11

*Bebo v. SEC*,
    799 F.3d 765 (7th Cir. 2015) ............................................................*passim*

*City of Arlington v. FCC*,
    133 S. Ct. 1863 (2013) ........................................................................... 12

*Doe v. FAA*,
    432 F.3d 1259 (11th Cir. 2005) .............................................................. 16

*Dynamic Sports Nutrition, LLC v. Hi-Tech Pharmaceuticals, Inc.*,
    No. 15-cv-2645, 2016 WL 1028691 (S.D. Tex. Mar. 15, 2016) ........... 19, 20

*Elgin v. Department of Treasury*,
    132 S. Ct. 2126 (2012) ............................................................................. 1

*Energy Transfer Partners, L.P. v. FERC*,
    567 F.3d 134 (5th Cir. 2009). ..........................................................*passim*

*FTC v. Standard Oil Co.*,
    449 U.S. 232 (1980) ....................................................................... 3, 9, 21

*Gonzalez v. Manjarrez*,
    No. 11-cv-29, 2013 WL 152177 (W.D. Tex. Jan. 4, 2013) ................... 20, 21

*Hunter v. FERC*,
    527 F. Supp. 2d 9 (D.D.C. 2007) ............................................................. 9

*Hunter v. FERC*,
    569 F. Supp. 2d 12 (D.D.C. 2008) ............................................. 9, 10, 11, 17

*Imperial Carpet Mills, Inc. v. Consumer Product Safety Commission*,
    634 F.2d 871 (5th Cir. 1981) ....................................................... 9, 17, 18

*Ironshore Specialty Insurance Co. v. Tractor Supply Co.*,
   624 F. App'x 159 (5th Cir. 2015) ..................................................................... 19

*Jarkesy v. SEC*,
   803 F.3d 9 (D.C. Cir. 2015) ...................................................................*passim*

*McCall v. Dretke*,
   390 F.3d 358 (5th Cir. 2004) ........................................................................ 18

*Mohawk Industries, Inc. v. Carpenter*,
   558 U.S. 100 (2009).................................................................................... 22

*New Orleans Public Service, Inc. v. Majoue*,
   802 F.2d 166 (5th Cir. 1986) ........................................................................ 21

*Public Service Commission of Utah v. Wycoff Co.*,
   344 U.S. 237 (1952)............................................................................... 20, 21

*Rhodes v. United States*,
   574 F.2d 1179 (5th Cir. 1978) .................................................................. 20, 21

*Sea-Land Service, Inc. v. Department of Transportation*,
   137 F.3d 640 (D.C. Cir. 1998) ...................................................................... 18

*Sherwin-Williams Co. v. Homes Cty.*,
   343 F.3d 383 (5th Cir. 2003) ...................................................................*passim*

*St. Paul Insurance Co. v. Trejo*,
   39 F.3d 585 (5th Cir. 1994) .......................................................................... 18

*Stockman v. FEC*,
   138 F.3d 144 (5th Cir. 1998) ........................................................................ 17

*Thunder Basin Coal Co. v. Reich*,
   510 U.S. 200 (1994)........................................................................ 1, 5, 8, 14

*Town of Dedham v. FERC*,
   No. 15-cv-12352, 2015 WL 4274884 (D. Mass. July 15, 2015) ................................... 8

## STATUTES

15 U.S.C. § 78aa................................................................................... 13

15 U.S.C. § 78u-2 ...................................................................................... 13

15 U.S.C. § 717 .......................................................................................... 1

15 U.S.C. § 717r ................................................................................. *passim*

15 U.S.C. § 717t-1 .............................................................................. *passim*

15 U.S.C. § 717u ................................................................................. *passim*

28 U.S.C. § 1331 ...................................................................................... 16

28 U.S.C. § 1337 ...................................................................................... 16

28 U.S.C. § 2201 ...................................................................................... 16

## ADMINISTRATIVE MATERIALS

Federal Energy Regulatory Commission, Statement of Administrative Policy
    Regarding the Process for Assessing Civil Penalties, 117 FERC ¶ 61,317 (2006) ....... 7

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

When Congress's intent to establish an exclusive channel for dispute resolution is "fairly discernible in the statutory scheme," district courts' jurisdiction is displaced. *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994); *accord Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2132 (2012). In *Thunder Basin*, for example, the Supreme Court held that the Mine Act established a comprehensive remedial scheme by assigning certain determinations to a federal agency in the first instance and by providing for judicial review thereafter in the courts of appeals. *See* 510 U.S. at 207-08. Accordingly, the Mine Act "prevents a district court from exercising subject-matter jurisdiction over a pre-enforcement challenge" to the agency's administrative proceedings. *Id.* at 202.

Likewise here: Under the Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, if the Federal Energy Regulatory Commission enters an order assessing civil penalties, *see id.* § 717t-1, a party aggrieved by that order may petition the Commission for rehearing, *id.* § 717r(a), and a party aggrieved by the Commission's order on rehearing "may obtain a review of such order" in an appropriate court of appeals, *id.* § 717r(b). This comprehensive scheme that Congress set forth in "painstaking detail," *Elgin*, 132 S. Ct. at 2134, clearly evinces Congress's intent to displace district court jurisdiction over challenges like Plaintiffs'. Indeed, the Fifth Circuit has stated that it is aware of "no authority" suggesting that parties in Plaintiffs' position have any recourse in "federal

district court." *Energy Transfer Partners, L.P. v. FERC* ("*ETP*"), 567 F.3d 134, 139 (5th Cir. 2009).[1]

In this case, moreover, Plaintiffs have not only brought their claims in the wrong court; they have also brought their claims at the wrong time. Here are the relevant facts: FERC staff investigated alleged violations of the Natural Gas Act by Plaintiffs. By Order to Show Cause, the Commission initiated an administrative adjudication, and after considering Plaintiffs' forthcoming answer, it may set the matter for a hearing to determine whether such violations have occurred and, if they have, to consider the nature and seriousness of the violations before assessing a civil penalty. 15 U.S.C. § 717t-1. Plaintiffs, for their part, allege that the NGA — Section 24 in particular, *id.* § 717u — does not authorize FERC to conduct administrative proceedings but rather requires FERC to sue Plaintiffs in court.

The facts and allegations in this case are precisely the same as the facts and allegations in *ETP*, except that in that case, FERC had taken the further step of setting the plaintiffs' administrative proceeding for a hearing. *See* 567 F.3d at 137. The Fifth Circuit nonetheless held that the *ETP* plaintiffs' claims were "not ripe for adjudication": "The proper construction of the NGA *must await resolution when and if the Commission determines that the NGA has been violated and assesses a penalty.*" *Id.* at 146 (emphasis

---

[1] *See also Jarkesy v. SEC*, 803 F.3d 9, 16 (D.C. Cir. 2015) (holding that the federal securities laws' comprehensive review scheme deprives district courts of jurisdiction over challenges to Securities and Exchange Commission ("SEC") administrative proceedings); *Bebo v. SEC*, 799 F.3d 765, 775 (7th Cir. 2015) (same), *cert. denied*, 136 S. Ct. 1500 (2016).

added).  The Fifth Circuit's holding requires this Court to dismiss Plaintiffs' claims as unripe.

Dismissing this improperly filed declaratory judgment action does not mean that Plaintiffs' claims will not be heard.  The only consequence of this Court's lack of jurisdiction is that Plaintiffs will participate in FERC's administrative adjudication.  They may press their claims before the Commission and, if they are aggrieved by its final order, they may pursue them before the Fifth Circuit or the D.C. Circuit.  What Plaintiffs may not do is demand that this Court intervene.  Plaintiffs protest that they will suffer in the meantime — in other words, that they "should not be required to participate in adversarial administrative proceedings before an [administrative law judge]" — but in *ETP* the Fifth Circuit "reject[ed] this contention as well."  *See id.* at 141 (citing *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980)); *see also Bebo*, 799 F.3d at 775 (noting that *Standard Oil* rejected the argument that "the expense and disruption of defending oneself in an administrative proceeding" entitles a plaintiff to recourse in district court, "even when those costs are substantial").  This is hardly a new concept; rather, as the Seventh Circuit has noted, "[t]his point is fundamental to administrative law."  *Id.*

Even if the Natural Gas Act did not deprive this Court of jurisdiction over Plaintiffs' case, and even if Plaintiffs' claims were ripe, this case *still* should not proceed any further.  Plaintiffs' lawsuit is anticipatory and duplicative of litigation in another forum where the parties' disputes can be heard, and it bears all the indicia of impermissible forum shopping.  It is a textbook example of the kind of declaratory

judgment action that the Fifth Circuit has counseled district courts to decline. *See Sherwin-Williams Co. v. Homes Cty.*, 343 F.3d 383, 388, 390 (5th Cir. 2003).

In sum, before it can reach any other issue, this Court "must determine" whether it has jurisdiction "to grant declaratory relief," whether Plaintiffs' "declaratory action is justiciable," and whether the Court should "exercise its discretion to decide" Plaintiffs' lawsuit. *Id.* at 387. The answer is no at each and every step. For all of these reasons, or any one of them, Defendants respectfully request that the Court grant their motion and dismiss this case.

## STATEMENT OF THE NATURE OF THE PROCEEDING AND OF THE ISSUES PRESENTED

Plaintiffs commenced this action by filing a complaint seeking a declaratory judgment in the United States District Court for the Western District of Texas. *See* [Original] Compl. (Jan. 27, 2016), ECF No. 1. Defendants moved to dismiss, contending that the Court lacked subject matter jurisdiction (both because Plaintiffs' claims can only be heard in a court of appeals and because this case is not ripe), that venue in the Western District was improper, and that in the alternative the Court should exercise its discretion to dismiss Plaintiffs' declaratory judgment action. *See* Defs.' [Original] Mot. to Dismiss (Apr. 4, 2016), ECF No. 23. Plaintiffs responded by amending their complaint to bolster their venue allegations, *see* Am. Compl. (Apr. 14, 2016), ECF No. 25, and Defendants again moved to dismiss for all the same reasons, *see* Defs.' Mot. to Dismiss the Am. Compl. ("Defs.' Mot.") (May 2, 2016), ECF No. 27.

The day after Defendants filed their motion to dismiss the amended complaint, the District Judge in the Western District of Texas entered an order *sua sponte* transferring this case to this District. *See* Order (May 3, 2016), ECF No. 28. Then, the day after this case was docketed in this Court, *see* Minute Entry (May 5, 2016), ECF No. 30, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Pls.' Opp'n"), May 6, 2016, ECF No. 35, and indicated their intent to proceed immediately to briefing the merits of their claims, *see* Pls.' Mot. for Leave to Exceed Page Limit on their Mot. for Summ. J. (May 6, 2016), ECF No. 36.

Because Defendants' challenge to venue has been rendered moot by the transfer of this action to this District, the following issues remain for the Court's consideration:

(1)     Under *Thunder Basin*, district courts lack jurisdiction to interfere with agency administrative proceedings when it is "fairly discernible" that Congress intended challenges to be channeled through the agency and then heard by a court of appeals. 510 U.S. at 207. Is it "fairly discernible" that Congress intended challenges to FERC proceedings under the Natural Gas Act to be presented first to FERC and then to a court of appeals, such that this Court lacks subject matter jurisdiction?

(2)     In *ETP*, the Fifth Circuit held that the plaintiffs' claims were unripe and that "[t]he proper construction of the [Natural Gas Act] must await resolution when and if the Commission determines that the NGA has been violated and assesses a penalty." 567 F.3d at 146. Given that FERC has neither determined that the NGA has been violated nor assessed a penalty here, is Plaintiffs' case ripe?

(3)     Under *Sherwin-Williams Co.*, courts in this Circuit determine whether to decline jurisdiction over declaratory judgment actions after considering, among other things, whether there is a pending "action in which all of the matters in controversy may be fully litigated," whether "the plaintiff filed suit in anticipation of a lawsuit filed by the defendant," whether "the plaintiff engaged in forum shopping in bringing the suit," whether the plaintiff has sought "to gain precedence in time or to change forums," and whether "retaining the lawsuit" would undermine "the purposes of judicial economy." 343 F.3d at 388.  Given that all of these criteria counsel dismissal of Plaintiffs' suit, should the Court dismiss this action?

All three questions present pure issues of law that are ripe for decision on Defendants' motion to dismiss alone.

## ARGUMENT

**I.     This Court Lacks Subject Matter Jurisdiction Because A Challenge To Plaintiffs' FERC Proceeding May Be Brought Only In The Court Of Appeals, And Because This Case Is Not Ripe.**

### A.     The Courts Of Appeals Possess Exclusive Jurisdiction Over Challenges To FERC Proceedings And Orders Under The Natural Gas Act.

Plaintiffs' principal argument in this federal litigation is that FERC has initiated an administrative enforcement proceeding without the authority to do so.  *See, e.g.*, Am. Compl. ¶¶ 28-68, 82-86.  Should this case ever reach that question, Defendants will explain why Plaintiffs' theory is wrong — not least because the Natural Gas Act unambiguously provides that penalties under the Act "shall be assessed *by the Commission after notice and opportunity for public hearing*," 15 U.S.C. § 717t-1(b)

(emphasis added), and that "[i]n determining the amount of a proposed penalty, the Commission shall take into consideration the nature and seriousness of the violation and the efforts to remedy the violation," *id.* § 717t-1(c); *see also* Defs.' Mot. at 10 (explaining that the provision on which Plaintiffs rely, Section 24 of the Natural Gas Act, 15 U.S.C. § 717u, renders jurisdiction exclusive only where it exists in the first place).

Before the Court can reach the question of FERC's authority to conduct administrative proceedings, however, the Court must first address whether it has jurisdiction to consider that question. As Defendants explained in their opening brief, and as explained further below, this Court does not have such jurisdiction, because jurisdiction over challenges to FERC proceedings and orders under the Natural Gas Act lies exclusively in the courts of appeals. This Court should reject Plaintiffs' invitation to intrude upon the province of those courts.

Even if Plaintiffs were correct about FERC's authority to conduct administrative hearings, the only cognizable injury that could befall them as a result of FERC's allegedly erroneous interpretation of the Natural Gas Act is a FERC order assessing civil penalties. *See* FERC, Process for Assessing Civil Penalties, 117 FERC ¶ 61,317, at P 7.4 (2006) ("[I]f the Commission determines that there is a violation, the Commission will issue an order and may assess any appropriate penalty."). Yet if FERC does in fact issue such an order, Plaintiff could seek review of that order in either the D.C. Circuit or the Fifth Circuit under Section 19(b) of the Natural Gas Act:

> Any party to a proceeding under [the Natural Gas Act] aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit

> wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court . . . a written petition praying that the order of the Commission be modified or set aside in whole or in part. . . . Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it *shall be exclusive*, to affirm, modify, or set aside such order in whole or in part.

15 U.S.C. § 717r(b) (emphasis added). Because it is "fairly discernible" that Congress intended challenges to FERC orders to be reviewed exclusively by the courts of appeals, this Court lacks jurisdiction. *See Thunder Basin*, 510 U.S. at 207.

Although case after case holds that FERC orders can be challenged only in the courts of appeals, *see* Defs.' Mot. at 8-9 (collecting cases),[2] Plaintiffs suggest that *Thunder Basin* channeling does not apply in this case because, in their view, FERC does not have the authority to conduct administrative adjudications in the first place. *See* Pls.' Opp'n at 14. Notwithstanding Plaintiffs' transparent attempt to conflate the two issues, (a) whether FERC has the authority to conduct administrative adjudications is entirely distinct from (b) whether this Court has jurisdiction to decide that question.

If, on appeal from a final order assessing penalties, Plaintiffs convince a court of appeals that FERC lacks authority to conduct administrative proceedings under the Natural Gas Act, that court would be fully capable of both saying so and vacating an unlawful penalty order. *See ETP*, 567 F.3d at 142 ("[I]f ETP is correct that it is entitled

---

[2] Plaintiffs dismiss these cases *en masse*, suggesting that each "involved judicial review of matters that the NGA squarely delegated to FERC to adjudicate in the first instance and resolve by 'order' reviewable in the court of appeals." Pls.' Opp'n at 16-17. That is no distinction from the situation here, where Congress plainly did intend FERC to rule in the first instance on questions of its own authority, and any order imposing civil penalties would be reviewable in the court of appeals.

to de novo review [in district court] of any finding by FERC that the NGA has been violated and de novo review of any penalty assessed, then ETP would be entitled to de novo review. The proceedings before an ALJ, including any evidentiary rulings or determinations, would [have no effect]."); *Town of Dedham v. FERC*, No. 15-cv-12352, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015) (notwithstanding NGA Section 24, 15 U.S.C. § 717u, "any alleged infirmity with" a FERC ruling "involving the merits or its authority to so rule needs to be passed upon by [a] court of appeals," not a district court (alterations omitted)).

Nor is it relevant that, under the scenario Congress's scheme requires, the ruling that Plaintiffs are seeking from this Court would come at the end of the administrative proceedings, rather than at the outset. The Fifth Circuit has conclusively held that having to participate in a hearing does not make a challenge like Plaintiffs' justiciable. *See ETP*, 567 F.3d at 141 (citing, *e.g.*, *FTC v. Standard Oil*, 449 U.S. 232 (1980)); *accord, e.g.*, *Imperial Carpet Mills, Inc. v. Consumer Prod. Safety Comm'n*, 634 F.2d 871, 874 (5th Cir. 1981) (per curiam); *see generally infra* Part I.B. Plaintiffs' argument that FERC lacks the authority to conduct administrative adjudications has no bearing whatsoever on whether this Court has jurisdiction to rule on that question.

And this Court does not have jurisdiction: as Defendants have explained, *see* Defs.' Mot. at 7-11, *ETP* and *Hunter* clearly establish that *Thunder Basin* channeling bars this suit. *See ETP*, 567 F.3d 134; *Hunter v. FERC*, 569 F. Supp. 2d 12 (D.D.C. 2008), *aff'd* 348 F. App'x 592 (D.C. Cir. 2009); *see also Hunter v. FERC*, 527 F. Supp. 2d 9 (D.D.C. 2007). Seeking to distinguish *ETP*, Plaintiffs wrongly suggest that the court of

appeals "did not consider whether Section 19(b) [of the NGA, 15 U.S.C. § 717r(b),] precludes other avenues of relief, because Section 19(b) was the sole basis for jurisdiction asserted by any party."  *See* Pls.' Opp'n at 15 (emphasis omitted).  In fact, the *ETP* plaintiffs contended (as Plaintiffs do here) that Section 24 of the Natural Gas Act, 15 U.S.C. § 717u, bars FERC from holding a hearing to determine whether a respondent has violated the Natural Gas Act.  *See* 567 F.3d at 137-38 ("ETP relies on language in § 24 of the NGA, which states that federal district courts 'shall have exclusive jurisdiction,'" and "asserts . . . that it is entitled to a de novo proceeding in a federal district court by virtue of" that provision (quoting 15 U.S.C. § 717u)).  The Fifth Circuit nonetheless noted that it was "aware of no authority" suggesting that a "federal district court has jurisdiction to review FERC's order requiring a hearing in this case."  *Id.* at 139.

Plaintiffs also seek to distinguish *Hunter*, where the court rejected efforts by a natural gas trader to obtain a declaratory judgment providing "that FERC's assertion of jurisdiction over trading of energy commodities for future delivery conflicts with," among other laws, the Natural Gas Act.  569 F. Supp. 2d at 15; *see* Pls.' Opp'n at 15-16. *Hunter* held that Section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b), gives the courts of appeals exclusive jurisdiction over challenges to FERC administrative enforcement orders, and the D.C. Circuit affirmed.  *See* 569 F. Supp. 2d at 16 ("[S]ince the court of appeals has exclusive jurisdiction over challenges to orders issued by FERC under Section 19(b) of the NGA, this Court lacks jurisdiction over Hunter's claim." (footnote omitted)); 348 F. App'x at 594 (noting that "the jurisdictional determination . . . could be raised on appeal of the final order").  And that was so, the courts ruled, even

though the plaintiff sought to recast his challenge to the order to show cause as a request for a declaratory judgment. *See Hunter*, 569 F. Supp. 2d at 15 ("Although he concedes, in essence, that judicial review of a FERC order must be brought in the circuit courts, he attempts to recast his declaratory judgment claim as a challenge to the scope of FERC's jurisdiction as opposed to a challenge to its [order to show cause]. It doesn't work.").

Resisting *Hunter*'s clear holding, Plaintiffs contend that that case is distinguishable because "the plaintiff there did not assert jurisdiction under NGA § 24 [15 U.S.C. § 717u] and did not contend that the district court had jurisdiction over FERC's underlying penalty claims against him." Pls.' Opp'n at 16. But just like Plaintiffs here, the *Hunter* plaintiffs argued that FERC was exceeding its jurisdiction. *See* Compl. ¶ 33, *Hunter v. FERC*, No. 07-cv-01307 (D.D.C. July 23, 2007), ECF No. 1 ("FERC has impermissibly and lawlessly attempted to confer additional jurisdiction on itself . . . ."). And *Hunter* squarely held that "[w]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." 569 F. Supp. 2d at 15 (emphasis in the original, alterations omitted).

*Hunter* thus stands for the proposition that a challenge to FERC's authority to conduct administrative proceedings must be presented to the agency first, with review available in the court of appeals thereafter. Tellingly, Plaintiffs do not argue that *Hunter* is unpersuasive. Instead, they cite *Adams Fruit Co. v. Barrett*, 494 U.S. 638, 650 (1990), for the proposition that agencies do not receive deference with respect to federal courts' subject matter jurisdiction, *see* Pls.' Opp'n at 16. But Defendants are not asking the

Court to defer to FERC's interpretation of this Court's subject matter jurisdiction. Instead, Defendants are simply asking this Court to heed Congress's scheme by requiring Plaintiffs to submit the question of *FERC*'s authority to the agency in the administrative process and then seek judicial review in a court of appeals as necessary.

In any event, notwithstanding Plaintiffs' appeal to *Adams Fruit*, Supreme Court precedent clearly holds that federal agencies *do* receive deference with respect to their own jurisdiction. *See City of Arlington v. FCC*, 133 S. Ct. 1863, 1872 (2013) ("The U.S. Reports are shot through with applications of *Chevron* to agencies' constructions of the scope of their own jurisdiction."). Were the law otherwise, "[s]avvy challengers of agency action would play the 'jurisdictional' card in every case . . . . The effect would be to transfer any number of interpretive decisions — archetypal *Chevron* questions, about how best to construe an ambiguous term in light of competing policy interests — from the agencies that administer the statutes to federal courts." *Id.* at 1873 (citation and footnote omitted). And just as the Supreme Court has said that "savvy challengers" cannot "play the jurisdictional card" to avoid *Chevron* deference to agency determinations of their own authority, such challengers cannot play that card to run to district court in an attempt to block agencies from ruling on their own authority in the first place.

Plaintiffs also ask this Court to disregard the recent decisions of the D.C. Circuit and Seventh Circuit holding that the federal securities laws' comprehensive review scheme prevents district courts from interfering with the SEC's administrative proceedings. Pls.' Opp'n at 18; *see Jarkesy*, 803 F.3d 9; *Bebo*, 799 F.3d 765. Plaintiffs

concede, however, that those courts reached that conclusion notwithstanding that the Securities Exchange Act contains a provision that is substantively identical to Section 24 of the NGA, on which Plaintiffs rely here. *Compare* 15 U.S.C. § 78aa(a) (Securities Exchange Act) ("The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder . . . .") *with id.* § 717u (NGA) ("The District Courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder . . . .").

Plaintiffs argue instead that *Jarkesy* and *Bebo* are irrelevant because the federal securities laws authorize the SEC to seek civil remedies in administrative proceedings. But the statutory provision that Plaintiffs themselves acknowledge as providing that authority, *see* Pls.' Opp'n at 18 (citing 15 U.S.C. § 78u-2), *also* has an equivalent in the Natural Gas Act. *Compare* 15 U.S.C. § 78u-2(a)(1) (Securities Exchange Act) ("the [SEC] . . . may impose a civil penalty if it finds, on the record after notice and opportunity for hearing, that [a] penalty is in the public interest and that [a] person" has violated the federal securities laws) *with id.* § 717t-1 (NGA) (providing that "[a]ny person that violates" the Natural Gas Act "shall be subject to a civil penalty," and that such "penalty shall be assessed by [FERC] after notice and opportunity for public hearing"). The Natural Gas Act is not just structurally similar to the federal securities laws; it is syntactically similar as well.

More fundamentally, for purposes of whether *Jarkesy* and *Bebo* bear on the threshold question currently before the Court — whether this Court has jurisdiction over

Plaintiffs' declaratory judgment claims against FERC — Plaintiffs' views regarding whether the Natural Gas Act permits FERC to proceed administratively against Plaintiffs are irrelevant. In both *Jarkesy* and *Bebo*, the plaintiffs argued that the *Constitution* barred the SEC from conducting administrative proceedings. *See, e.g.*, *Jarkesy*, 803 F.3d at 14 (plaintiffs "alleged that the Commission's decision to place them in an administrative proceeding violated their rights under the Equal Protection Clause by denying them the fundamental right to a jury trial" (alterations omitted)); *Bebo*, 799 F.3d at 768 (noting the plaintiff's contention that the SEC's authorization to conduct administrative proceedings was "facially unconstitutional under the Fifth Amendment"). Nevertheless, both the D.C. Circuit and the Seventh Circuit held that district courts lack jurisdiction to interfere with those allegedly unlawful administrative proceedings. Instead, those courts concluded that jurisdiction was only available in the courts of appeals, and only once the agency entered a final order — including as to the plaintiffs' constitutional and statutory arguments. *Jarkesy*, 803 F.3d at 12; *Bebo*, 799 F.3d at 767. Indeed, that is what the Supreme Court's decision in *Thunder Basin* requires. *See* 510 U.S. at 202, 205 (requiring the plaintiff to challenge the agency's statutory interpretation before the agency, with review in the court of appeals thereafter, even though the plaintiff claimed that doing so would violate due process).

The salient point thus remains this: even if Plaintiffs were right that FERC lacks the authority to conduct administrative proceedings, that is for the court of appeals to say. As the Fifth Circuit has stated, "*no authority*" suggests to the contrary. *ETP*, 567 F.3d at 139 (emphasis added). Rather, because it is "fairly discernable" that Congress intended

FERC proceedings under the Natural Gas Act to be challenged only in the courts of appeals, this Court lacks jurisdiction over Plaintiffs' declaratory judgment action.[3]

## B.    This Case Is Not Ripe.

Plaintiffs further attempt to confuse the issues in arguing that this action is ripe for judicial review.  Plaintiffs contend that the ordinary ripeness requirements, including finality, do not apply because Plaintiffs invoke NGA Section 24, 15 U.S.C. § 717u, as a basis for jurisdiction.  Instead, Plaintiffs claim, a party invoking that provision must show merely that an administrative proceeding is imminent.  *See* Pls.' Opp'n at 19-20.  As already discussed, Plaintiffs are incorrect that NGA Section 24 provides jurisdiction over this action.  And Plaintiffs' arguments that the ordinary ripeness requirements do not apply here are wrong in any event.

Notably, Plaintiffs do not contend that they can satisfy the ripeness test that the Fifth Circuit has applied in cases – like this one – where the respondent in a FERC administrative proceeding argues that the NGA denies FERC the authority to conduct the proceeding.  *See, e.g.*, *ETP*, 567 F.3d at 139-44.  In *ETP*, the respondent in a FERC

---

[3] Because *Thunder Basin* channeling bars this action, Plaintiffs' suit is also barred by principles of sovereign immunity, notwithstanding Plaintiffs' argument to the contrary. While Plaintiffs suggest that NGA "Section 24 expressly contemplates 'judicial proceeding[s] . . . against the Commission," Pls.' Opp'n at 20 (alterations in original, quoting 15 U.S.C. § 717u), the quoted language concerns taxing costs "in any judicial proceeding by or against the Commission *under this chapter*," 15 U.S.C. § 717u (emphasis added).  That provision's reference to "proceeding[s] . . . against the Commission," *id.*, thereby contemplates petitions for review in the courts of appeals under NGA Section 19(b), *id.* § 717r(b).  The phrase that Plaintiffs (incompletely) quote does not suggest that NGA Section 24, *id.* § 717u, itself gives rise to a cause of action against the Commission or waives the government's sovereign immunity.

administrative proceeding under the NGA – like Plaintiffs – sought to halt the proceeding by arguing – like Plaintiffs – that FERC must instead proceed in district court. *See id.* at 137-38. The enforcement proceedings at issue in *ETP* were further along than Plaintiffs' are now. *See id.* at 137. Still, the Fifth Circuit held that the issue was not ripe for review. *Id.* at 146. The Fifth Circuit's holding controls here.

Nothing in *ETP*'s ripeness analysis turned on the fact that the respondent in that case sought review in the Fifth Circuit instead of in district court. (Indeed, as explained above, the Fifth Circuit specifically disclaimed the possibility of any such district court actions. *See id.* at 139.) Nonetheless, Plaintiffs seek to distinguish *ETP* on the ground that they seek district court review, not direct appellate review under NGA Section 19(b), 15 U.S.C § 717r(b). But the only reason Plaintiffs can even try to claim that they are "not seeking 'review' of any particular 'order'" under Section 19(b), Pls.' Opp'n at 19, is that they filed this action to try to stop FERC from issuing such an order. As already discussed, Plaintiffs "simply cannot avoid the statutorily established administrative-review process by rushing to the federal courthouse" to "prevent[] the very action that would set" the administrative and judicial "review process in motion." *See Doe v. FAA*, 432 F.3d 1259, 1263 (11th Cir. 2005).

Moreover, Plaintiffs offer no authority for their assertion that the ripeness analysis in challenges to federal agency action depends on the particular statutory basis for subject matter jurisdiction. In this circuit, the ripeness analysis is the same whether such a challenge falls within the district court's statutory jurisdiction under the general federal question statute, 28 U.S.C. § 1331 — which generally provides the basis for jurisdiction

in actions under the APA, *see Stockman v. FEC*, 138 F.3d 144, n.13 (5th Cir. 1998) — or within the court of appeals' statutory jurisdiction under a provision like NGA Section 19(b), 15 U.S.C. § 717r, which authorizes direct appellate review, *see, e.g.*, *ETP*, 567 F.3d at 139-42 (applying the ripeness factors set forth in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), an APA case, even though Section 19(b) does not explicitly limit review under that statute to "final" orders). That Plaintiffs invoke Section 24 of the Natural Gas Act, 15 U.S.C. § 717u, in addition to 28 U.S.C. §§ 1331, 1337, and 2201, as a basis for jurisdiction, *see* Am. Compl. ¶ 24, does not affect the ripeness analysis and provides no ground for distinguishing *ETP*.

Plaintiffs also assert that the costs they will incur in the course of the administrative proceeding make this case ripe. Pls.' Opp'n at 19. Yet Plaintiffs' costs do not differ from those that the Fifth Circuit disregarded in *ETP*. *See* 567 F.3d at 141. And, in any event, such costs "would seem to be nothing more than would accrue to any defendant to administrative action," and are insufficient to "justify judicial intervention into administrative agency action not otherwise fit for judicial consideration." *Imperial Carpet Mills*, 634 F.2d at 874. That is so even when the respondent in the administrative proceeding sues in a district court and without regard to whether the respondent's claims arise under the APA. *See id.* at 873-74; *accord Hunter*, 569 F. Supp. 2d at 17 (finding unripe a district court action alleging that FERC lacked jurisdiction to initiate administrative enforcement proceeding under the NGA). Plaintiffs do not even attempt

to distinguish the ripeness holdings of *Imperial Carpet Mills* and *Hunter*. Nor could they.[4]

Accordingly, the Court should dismiss this case as unripe even if it finds that the Natural Gas Act's exclusive review scheme does not displace its jurisdiction.

## II. In The Alternative, This Court Should Decline To Hear This Declaratory Judgment Action.

As Plaintiffs acknowledge, their aim in bringing this lawsuit is to halt an ongoing FERC enforcement action. Their suit explicitly anticipates FERC's initiating an administrative hearing to determine whether Plaintiffs have manipulated natural gas markets in violation of the Natural Gas Act. Plaintiffs initially brought suit in the Western District of Texas, where none of the parties resides and where none of the events giving rise to Plaintiffs' claims occurred. And Plaintiffs' goal is to change forums — from administrative to judicial — even though Plaintiffs do not (and cannot) contest that they may litigate all of their claims pursuant to the Natural Gas Act's exclusive remedial scheme, such that their duplicative litigation here makes for an inefficient use of judicial resources.

---

[4] The only cases that Plaintiffs cite offer them no support. *McCall v. Dretke*, 390 F.3d 358 (5th Cir. 2004), was a state habeas case and did not involve the justiciability of a challenge to federal agency action. *Sea-Land Service, Inc. v. Department of Transportation*, 137 F.3d 640 (D.C. Cir. 1998), does not so much as mention ripeness and dismissed the relevant claims for lack of standing, *id.* at 647-50. Neither *McCall* nor the *Sea-Land* dicta on which Plaintiffs rely suggests that the ripeness doctrine permits a respondent in an administrative proceeding to challenge the agency's authority to initiate that proceeding prior to the agency's final decision. As the Fifth Circuit has repeatedly held, that is not the law. *ETP*, 567 F.3d at 141-42; *Imperial Carpet Mills*, 634 F.2d at 874.

Plaintiffs' lawsuit thus exemplifies the type of declaratory judgment action over which, per the Fifth Circuit's clear instructions, courts should decline jurisdiction. *See Sherwin-Williams Co.*, 343 F.3d at 388 (courts should decline jurisdiction where, *inter alia*, there is a pending "action in which all of the matters in controversy may be fully litigated," where "the plaintiff filed suit in anticipation of a lawsuit filed by the defendant," where "the plaintiff engaged in forum shopping in bringing the suit," where the plaintiff has sought "to gain precedence in time or to change forums," or where "the purposes of judicial economy" would be disserved by "retaining the lawsuit" (quoting *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994))).[5]

Plaintiffs' arguments to the contrary are simply wrong. Primarily, Plaintiffs have once again attempted to confuse the issues by asserting that this Court must hear their claims because, in their view, they are right about what procedures the Natural Gas Act requires. *See* Pls.' Opp'n at 23-25 (arguing that FERC can pursue Plaintiffs only in district court). But this is not how the Declaratory Judgment Act works: in cases under that Act, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration" —

---

[5] Plaintiffs imply that the Fifth Circuit has abandoned what they call this "panoply of factors," *see* Pls.' Opp'n at 22-23 (citing *Sherwin-Williams Co.*, 343 F.3d at 390), but Plaintiffs' own authority plainly confirms the contrary: the "Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit," *see Sherwin-Williams Co.*, 343 F.3d at 390; *see, e.g., Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 164 (5th Cir. 2015) (applying the *Trejo* factors); *Dynamic Sports Nutrition, LLC v. Hi-Tech Pharms., Inc.*, No. 15-cv-2645, 2016 WL 1028691, at *3-4 (S.D. Tex. Mar. 15, 2016) (Atlas, J.) ("The Fifth Circuit has held repeatedly that" the "*Trejo* factors *must* be examined . . . ." (emphasis in original)).

considerations that the *Trejo* factors capture. *Sherwin-Williams*, 343 F.3d at 389. And under those factors, whether a particular claim has merit is completely irrelevant. As with this Court's determination whether it has jurisdiction, its application of the *Trejo* factors must precede any consideration of Plaintiffs' claims. *See id.* at 387-89.

Even taking Plaintiffs on their own terms, however, there can be no doubt that "the Commission" may "assess[]" civil penalties for alleged violations of the Natural Gas Act "after notice and opportunity for public hearing." 15 U.S.C. § 717t-1(b). Whatever happens next, therefore, Congress has "'committed'" certain "'issues . . . for initial decision to'" FERC. *Gonzalez v. Manjarrez*, No. 11-cv-29, 2013 WL 152177, at *13 (W.D. Tex. Jan. 4, 2013) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 246 (1952)), *aff'd*, 558 F. App'x 350 (5th Cir. 2014). Accordingly, the "administrative procedure that Congress has created" deserves "deference" and provides one of many reasons why this Court should "decline to exercise jurisdiction." *See id.*; *Gonzalez*, 558 F. App'x at 355 (noting that adjudicating the plaintiff's declaratory judgment claim would "interfer[e] with Congress's comprehensive remedial scheme"); *Rhodes v. United States*, 574 F.2d 1179, 1182 (5th Cir. 1978) (ordering the dismissal of a declaratory judgment action where the plaintiff had "entered the federal courthouse prematurely" because she had failed to exhaust administrative remedies).

"Moreover, allowing [Plaintiffs'] declaratory judgment action before [FERC] is able to consider [Plaintiffs' claims] within the framework of the [Natural Gas Act], thereby permitting Plaintiff[s] to gain 'precedence in time and forum,' simply encourages . . . gamesmanship and 'procedural fencing' . . . ." *Gonzalez*, 2013 WL 152177, at *14

(quoting *Sherwin-Williams*, 343 F.3d at 397 & n.7). Or, in this Court's recent words: "Regarding whether [Plaintiffs] filed this as an anticipatory suit, . . . the answer is plainly 'yes,'" which "weighs heavily in favor of dismissal." *Dynamic Sports Nutrition, LLC*, 2016 WL 1028691, at *4 ("'The wholesome purposes of declaratory acts would be aborted by its use as an instrument . . . either to secure delay or to choose a forum.'" (quoting *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986)). This Court should not condone Plaintiffs' "pell-mell race to the courthouse." *Id.*[6]

In addition, "[d]eclining jurisdiction over this declaratory judgment action . . . would not leave the parties unable to adjudicate" Plaintiffs' claims. *Gonzalez*, 2013 WL 152177, at *12. As described above, Plaintiffs are free to press all of their claims before the Commission when they answer its Order to Show Cause. As the Supreme Court and the Fifth Circuit have held, that is what they must do: "'The declaratory judgment procedure will not be used to preempt and prejudice issues that are committed for initial decision to an administrative body.'" *Rhodes*, 574 F.2d at 1181 (alteration omitted) (quoting *Wycoff Co.*, 344 U.S. at 246); *see id.* at 1181-82 ("Whether the controversy between [the parties] is viewed as turning on a factual or a legal question, [the agency] ought to be the primary authority for the interpretation of its own [statutes and] regulations.").

---

[6] Plaintiffs argue that their reasons for seeking a federal court forum "are entirely legitimate," *see* Pls.' Opp'n at 23, but it remains inexplicable why they sought a particular court in the Midland-Odessa Division of the Western District of Texas, which has no obvious connection to them or their claims, *see* Defs.' Mot. at 14-16 & n.5; *see also* Order (May 3, 2016), ECF No. 28.

Finally, Plaintiffs blame the government for requiring them to continue litigating in FERC's administrative proceedings. *See* Pls.' Opp'n at 24 ("Putting Plaintiffs through an administrative proceeding before this Court rules on a challenge to the legality of that proceeding risks a wasteful expenditure of tax dollars and Commission resources."). It is enough, of course, that the Supreme Court and the Fifth Circuit have rejected this argument. *ETP*, 367 F.3d at 141 (citing *Standard Oil*, 449 U.S. at 243). But those courts are not alone. As the Seventh Circuit has held, "Every person hoping to [halt] an ongoing administrative proceeding could make this argument, yet courts consistently require plaintiffs to use the administrative review schemes established by Congress." *Bebo*, 799 F.3d at 775 (collecting cases). Thus, as the D.C. Circuit has explained, "the fact that [a plaintiff's] claims attack the process rather than the result does not mean his claims should receive preemptive resolution in district court." *Jarkesy*, 803 F.3d at 25. Plaintiffs' position cannot be reconciled with "how the law handles analogous claims in similar contexts." *See id.* at 25-27 (collecting cases); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108-09 (2009) ("We routinely require litigants to wait until after final judgment to vindicate valuable rights . . . .").

That FERC has declined to stay its administrative proceedings against Plaintiffs pending the outcome of this lawsuit, *see* Pls.' Opp'n at 24-25; Pls.' Am. Mot. to Expedite at 6-7 (May 11, 2016), ECF No. 40, can hardly be surprising. Indeed, it is entirely consistent with Defendants' position here: that Plaintiffs' claims do not belong in this Court in the first place. FERC's determination whether Plaintiffs have manipulated natural gas markets in violation of the law — and its adjudication of the claims Plaintiffs

have attempted to raise here, if Plaintiffs choose to press them before the Commission —

should not wait while Plaintiffs attempt to gain this Court's intervention.

## CONCLUSION

Defendants respectfully request that their motion be granted and the case be
dismissed.

Dated: May 13, 2016            Respectfully submitted,

| | |
|---|---|
| LARRY R. PARKINSON<br>Director | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney<br>    General |
| LEE ANN WATSON<br>Deputy Director | JENNIFER D. RICKETTS<br>Director, Federal Programs Branch |
| DAVID APPLEBAUM<br>Director, Division of Investigations | CARLOTTA P. WELLS<br>Assistant Director, Federal Programs<br>    Branch |
| COURTNEY SPIVEY URSCHEL<br>Deputy Director, Division of<br>    Investigations | */s/ Steven A. Myers*<br>STEVEN A. MYERS<br>*Attorney-in-Charge* |
| THOMAS P. OLSON<br>CAROL A. CLAYTON<br>Attorneys, Division of Investigations | ADAM GROGG<br>MATTHEW BERNS<br>JEAN LIN<br>JUSTIN M. SANDBERG |
| Federal Energy Regulatory Commission,<br>    Office of Enforcement | U.S. Department of Justice, Civil<br>    Division, Federal Programs Branch<br>20 Massachusetts Ave. NW<br>Washington, DC  20530 |
| *Of Counsel* | Phone: (202) 514-2395<br>Fax: (202) 616-8202<br>Email: adam.a.grogg@usdoj.gov |
| | *Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2016, I electronically filed a copy of the foregoing.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's CM/ECF System.


*/s/ Steven A. Myers*
STEVEN A. MYERS